# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FRANK BRETT,**

                **Plaintiff,**

**-vs-**                                                                                             **Case No. 6:08-cv-556-Orl-19KRS**

**AUSTIN AARONSON, et al.,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES (Doc. No. 2)** |
| **FILED:** | **April 11, 2008** |

| | |
|---|---|
| **MOTION:** | **MOTION TO AMEND LAWSUIT (Doc. No. 3)** |
| **FILED:** | **April 18, 2008** |

    Before considering Plaintiff Frank Brett's motion to proceed *in forma pauperis*, the Court is required to consider whether Brett's complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also* Local Rule 4.07; *Hamaas v. Florida*, No. 305CV771J99HTS,

2005 WL 2063787, at *1 (M.D. Fla. Aug. 22, 2005) (noting that "28 U.S.C. § 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding *in forma pauperis*.").

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n. 1 (5th Cir.1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. U.S. Army* , 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction even when a party has not challenged it. *See, e.g.*, *Univ. of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Brett's complaint consists of thirty-four rambling, handwritten pages, in which he appears to name eighteen individuals and entities as defendants.  It does not appear that the allegations against each defendant arise from the same series of acts and transactions.  The only federal law cited is 18 U.S.C. § 246, which is a criminal provision that does not provide a private civil cause of action.

It is not clear from Brett's complaint the basis on which this Court could exercise jurisdiction in this case. This Court only has jurisdiction to decide disputes between parties who reside in different states or that arise from a violation of a federal law or the United States Constitution.  Furthermore, an individual may not bring criminal charges against someone by filing a complaint in this Court.  Rather, the individual should report alleged crimes to the local police or prosecutor.

Brett also seeks to amend the lawsuit. Brett's twenty-two page, handwritten motion is mostly incoherent, and it is unclear as to what relief Brett seeks in his motion. Pursuant to Local Rule 3.01(a), in a motion, "the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request . . . ." Brett's motion fails to satisfy the requirements of Local Rule 3.01(a).

Accordingly, I recommend that the Court **DISMISS** Brett's complaint without prejudice, **DENY** the Application to Proceed without Prepayment of Fees, doc. no. 2, and **DENY** the Motion to Amend Lawsuit, doc. no. 3. I further recommend that the Court give Brett eleven days from the date of its ruling on this Report and Recommendation to file an amended complaint, if jurisdiction over his claims exists in this Court.

In amending, Brett must name as defendants only those persons who are responsible for the alleged violations. Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated, or allege that he lives in a different state from the state in which each defendant resides. It is improper for Brett merely to list constitutional rights or federal laws. Brett must provide facts to support the claimed violations. Brett should clearly describe <u>how</u> <u>each</u> <u>named</u> <u>defendant</u> is involved in the alleged constitutional violation(s) or violation of federal law(s) in the body of the amended complaint.

If Brett intends to allege a <u>number</u> of <u>related</u> claims, then he must set forth each claim in a separate paragraph in the same complaint. However, if the claims are <u>not</u> <u>related</u> to the same basic issue or incident, then each claim must be addressed in a separate complaint.

Brett may file a new Application to Proceed without Prepayment of Fees with his amended complaint.

The Clerk of Court is directed to mail a copy of this Report and Recommendation to Brett at his address of record.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 16, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy